IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|                                      |   |                          |
|--------------------------------------|---|--------------------------|
| SOLO CUP OPERATING CORPORATION,      | * |                          |
| Plaintiff,                           | * |                          |
| v.                                   | * | CIVIL NO.: WDQ-12-3194   |
| GGCV ENERGY LLC,                     | * |                          |
| Defendant.                           | * |                          |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Solo Cup Operating Corporation ("Solo") sued GGCV Energy LLC ("GGCV Energy") for breach of contract and injunctive relief. Pending is GGCV Real Estate LLC's ("GGCV Real Estate") motion to intervene as a defendant. For the following reasons, the motion will be granted. GGCV Energy and GGCV Real Estate will also be ordered to provide additional information about their citizenship.

I. Background[1]

Solo is a Delaware Corporation with its principal place of business in Illinois. ECF No. 1 ¶ 2. GGCV Energy's members are "GG Solo LLC and Reister Court, LLC, entities organized under the laws of Maryland, with their principal place of business in Baltimore, Maryland." ECF No. 21 ¶ 1. GGCV Real Estate's sole member is "GGC Developer LLC, an entity organized under the laws

---

[1] For the purposes of this motion, the facts are not in dispute.

of Maryland, with its principal place of business in Baltimore, Maryland." ECF No. 22-5 ¶ 1. GGCV Energy and GGCV Real Estate are represented by Ira L. Oring, Esquire. *See* Docket.

This case arises out of a development project in Owings Mills, Maryland on the former site of a Solo manufacturing plant (the "Property"). *See* ECF Nos. 1 ¶ 14, 21 ¶ 5-6. Effective September 27, 1999, Solo's predecessor in interest leased electrical generating equipment ("the Equipment") from Owings Mills Energy Equipment Leasing, LLC until 2017. *See* ECF Nos. 1 ¶¶ 7-8, 21 ¶ 6. The Equipment was installed as part of a co-generation power plant on the Property. *Id.*; ECF No. 21 ¶ 6.

On August 31, 2011, GGCV Real Estate purchased the Property from a Solo affiliate. ECF No. 22-5 ¶ 6. That day, GGCV Real Estate leased the parcel containing the Equipment to its affiliate GGCV Energy, which subleased the parcel to Solo. ECF Nos. 1 ¶ 17, 21 ¶ 7, 22-5 ¶ 9.

On October 31, 2012, Solo filed suit for (1) breach of contract for GGCV Energy's failure to pay rent, failure to select a contractor as required under the sublease, disassembling the Equipment, and refusing to allow Solo to access the Equipment and (2) preliminary injunctive relief to maintain the Equipment's current condition. ECF No. 1. That day, it moved for a temporary restraining order and preliminary injunction, asserting that GGCV Energy had modified the

2

Equipment in violation of the sublease. ECF No. 2. On November 2, 2012, the Court entered a consent preliminary injunction (1) restraining GGCV Energy from disassembling or altering the Equipment, (2) prohibiting GGCV Energy from moving the Equipment, and (3) permitting Solo to access the Equipment with two business days' notice. ECF No. 7.

On March 8, 2013, GGCV Real Estate gave GGCV Energy 60 days' notice to relocate the Equipment as permitted under its lease. ECF No. 22-3 ¶ 7.

On March 19, 2013, GGCV Energy answered and counterclaimed for damages and possession of the premises for (1) breach of contract for false representations and warranties about Solo's compliance with the Equipment lease, (2) negligent misrepresentation about the representations and warranties, and (3) breach of lease for Solo's refusal to vacate the premises after receiving written notice of breach of the sublease. ECF Nos. 20, 21. That day GGCV Real Estate moved to intervene, attaching a proposed answer and proposed counterclaim for injunctive relief and declarations that Solo has no legal right to occupy the Equipment parcel, and the Equipment may be moved. ECF No. 22. On April 5, 2013, Solo opposed the motion to intervene. ECF No. 25. On April 19, 2013, GGCV Real Estate replied. ECF No. 30. On April 23, 2013, Solo answered GGCV Energy's counterclaim. ECF No. 31.

II. Analysis

   A.   Motion to Intervene

GGCV Real Estate seeks to intervene as a defendant as a matter of right or, alternatively, permissively. ECF No. 22. Solo opposes intervention under either procedure. ECF No. 25.

   1.   Intervention of Right

Under Fed. R. Civ. P. 24(a)(2), the Court must permit intervention when four requirements are met:

> (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation.

*Hous. Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999).

Solo contends that GGCV Real Estate's interest is represented in the litigation, because GGCV Energy has the same ultimate objective as GGCV Real Estate. *See* ECF No. 25 at 5. "When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." *Va. v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976).

Although the remedies sought differ, GGCV Energy and GGCV Real Estate seek a shared ultimate end: removal of Solo and the

4

Equipment from its current location.[2] There is no indication that GGCV Energy and GGCV Real Estate are adverse; they share Oring as counsel. *See, e.g., Scottsdale Ins. Co. v. Children's Home Soc'y of N.C., Inc.*, No. 5:12-CV-81-FL, 2013 WL 749817, at *2 n.1 (E.D.N.C. Feb. 27, 2013). Similarly, the 60 days for GGCV Energy to relocate the Equipment has recently expired, and the Court has received no indication that GGCV Real Estate would

---

[2] *See* ECF Nos. 21 ¶ 73-75 (GGCV Energy seeking possession of the premises), 22-5 ¶ 25 (GGCV Real Estate requesting a declaration that Solo "has no right to occupy the [Property]" and an order that Solo "remove all of the Equipment"); *see also* ECF No. 30 at 4 ("GGCV Energy seeks a final determination that Solo breached a condition of the Sublease that warrants eviction, and seeks restitution of the premises and damages"); *id.* ("GGCV Real Estate's objective . . . would require that the Consent Order be modified so that the Equipment can be moved . . . .").
GGCV Real Estate's reliance on *In re Sierra Club*, 945 F.2d 776 (4th Cir. 1991) is not to the contrary. *See* ECF No. 22-1 at 8. In *Sierra Club*, the Fourth Circuit held that South Carolina did not adequately represent the Sierra Club, reasoning that South Carolina represented all citizens of the state, including "proponents of new hazardous waste facilities," while the Sierra Club "appear[ed] to represent only . . . those who would prefer that few or no new hazardous waste facilities receive permits." *In re Sierra Club*, 945 F.2d at 780; *see also Trbovich v. United Mine Workers*, 404 U.S. 528, 538-39 (1972) (permitting intervention by union member because Secretary of Labor had dual function as lawyer for the union member and "protecting the vital public interest in assuring free and democratic union elections that transcends the narrower interest of the complaining union member" (internal quotation marks omitted)). GGCV Energy and GGCV Real Estate claim no such dual goals, only different financial consequences if their shared objective of removal of the Equipment is not met. *See* ECF No. 22-1 at 8; *cf. United Guaranty Residential Ins. Co. of Iowa v. Phila. Sav. Fund Soc'y*, 819 F.2d 473 (4th Cir. 1987) (applying *Trbovich* to banking case).

5

seek to assert a crossclaim against GGCV Energy. *See* ECF No. 22-3 ¶ 7.

GGCV Real Estate has not shown that its interests are not adequately represented. Accordingly, GGCV Real Estate is not entitled to intervene of right.

        2.    Permissive Intervention

GGCV Real Estate alternatively seeks permissive intervention. ECF No. 22-1 at 9. Under Rule 24(b), the Court may permit timely intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact," although it "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B), (3). Solo does not dispute the presence of common questions of fact. *Cf.* ECF No. 25 at 5-6.

Solo asserts that that GGCV Real Estate's intervention would unduly delay this case "because GGCV Energy is already zealously pursuing the same ultimate objective." ECF No. 25 at 5. Although GGCV Energy and GGCV Real Estate share the same ultimate objective, they seek different remedies. *Compare* ECF No. 21, *with* ECF No. 22-5. Further, a scheduling order has not been entered, and it appears that additional discovery would not unduly complicate the case, given the interrelation between GGCV Energy and GGCV Real Estate. Instead, permitting intervention

would eliminate the need for a separate suit by GGCV Real Estate against Solo. *See Pa. Nat'l Mut. Cas. Ins. Co. v. Perlberg*, 268 F.R.D. 218, 226 (D. Md. 2010).

*Stuart v. Huff*, 706 F.3d 345 (4th Cir. 2013), on which Solo relies, is distinguishable. *See* ECF No. 25 at 5. The *Stuart* plaintiffs challenged the constitutionality of a North Carolina law imposing informed consent procedures for abortion. *See Stuart*, 705 at 348. Although the state Attorney General defended the suit, "[p]ro-life doctors, former abortion patients, and pregnancy counseling centers" sought to intervene. *Id.* The Fourth Circuit affirmed the district court's denial of permissive intervention[3] because the extra discovery and complication in the case would yield no benefit when the Attorney General and proposed intervenors were all seeking to defend the constitutionality of the statute. *See id.* at 355; *see also Stuart v. Huff*, No. 1:11-cv-804, 2011 WL 6740400, at *3 (M.D.N.C. Dec. 22, 2011), *aff'd* 706 F.3d 345. It also noted that the proposed intervenors could seek to file amicus briefs. *Stuart*, 706 F.3d at 355.

This case is different. GGCV Real Estate is not simply seeking to defend against Solo's claims but also seeks affirmative relief through its counterclaim. *See* ECF No. 22-5.

---

[3] It also affirmed denial of intervention as right. *Stuart*, 706 F.3d at 351-55.

Although GGCV Real Estate and GGCV Energy seek the ultimate removal of the Equipment, their counterclaims seek different remedies. *Compare* ECF No. 21, *with* ECF No. 22-5. Further, filing an amicus brief would be of little utility. *Stuart* does not counsel against GGCV Real Estate's intervention. The motion will be granted.

B. Subject Matter Jurisdiction

With nearly all the pleadings filed, the Court can now examine its jurisdiction. The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). The parties assert diversity jurisdiction. ECF Nos. 1 ¶ 4, 21 ¶ 3, 25-2 ¶ 3; *see* 28 U.S.C. § 1332.

Generally, "[s]ection 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *see Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). A corporation is the citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see Cent. W. Va. Energy Co.*, 636 F.3d at 103. A limited liability company is a citizen of the states of which its members are citizens.

*See Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004).

As a Delaware corporation with its principal place of business in Illinois, Solo is a citizen of those states. *See* ECF No. 1 ¶ 2. GGCV Energy states that its members are "GG Solo LLC and Reister Court, LLC, entities organized under the laws of Maryland, with their principal place of business in Baltimore, Maryland." ECF No. 21 ¶ 1. GGCV Real Estate states that its sole member is "GGC Developer LLC, an entity organized under the laws of Maryland, with its principal place of business in Baltimore, Maryland." ECF No. 22-5 ¶ 1.

GGCV Energy's and GGCV Real Estate's statements of citizenship are insufficient because the parent LLCs' citizenships are not apparent. "[I]f a parent LLC contains a constituent member LLC or corporation, the citizenship of the parent LLC cannot be established until the citizenship of constituent member LLC or corporation is determined pursuant to the usual standard." *Bostic Dev. at Lunchburg LLC v. Liberty University, Inc.*, No. Civ.A.6:05 CV 00013, 2005 WL 2065251, at *1 (W.D. Va. Aug. 25, 2005). Accordingly, the citizenship of GGCV Energy and GGCV Real Estate is not clear. They will be

ordered to provide additional information about their citizenship, including individual and corporate members.[4]

III. Conclusion

For the reasons stated above, GGCV Real Estate's motion to intervene will be granted. GGCV Energy and GGCV Real Estate will be ordered to provide additional information about their citizenship.

___5/14/13___  
Date

___[signature]___  
William D. Quarles, Jr.
United States District Judge

---

[4] In the event that Solo and GGCV Energy are diverse, but Solo and GGCV Real Estate are not, the Court will vacate the Order permitting intervention of GGCV Real Estate to retain jurisdiction. See Shanghai Meihao Elec., Inc. v. Leviton Mfg. Co., 223 F.R.D. 386, 387 (D. Md. 2004) (requiring an independent ground for subject matter jurisdiction for intervention).